## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**AURA MARINA CORLETO ORANTES,**

      **Plaintiff,**

**v.**                                                          **Case No.:  6:26-cv-507-PGB-RMN**

**LOUIS A. QUINONES, JR.,
TODD LYONS, SECRETARY
KRISTI NOEM, U.S. ATTORNEY
GENERAL PAMELA BONDI,
GARRETT RIPA, U.S.
IMMIGRATION AND CUSTOMS
ENFORCEMENT, DEPARTMENT
OF HOMELAND SECURITY,**

      **Defendants.**

_____/

## <u>ORDER</u>

THIS CAUSE is before the Court for consideration without oral argument on Petitioner's Emergency Motion for Temporary Restraining Order (Doc. 2) and Emergency Petition for Writ of Habeas Corpus (Doc. 1). The Court will grant a temporary restraining order ("**TRO**") and set an expedited briefing schedule on Plaintiff's request for an Emergency Writ of Habeas Corpus, if required.[1]

---

[1]   As discussed below, if the Petitioner is being detained pursuant to 8 U.S.C. § 1225 or an ICE detainer, and is not being held on criminal charges, she is to be released immediately, rendering additional briefing unnecessary. The Court is aware that the Fifth Circuit construes the applicable statutes differently from this Court. The Fifth Circuit is wrong. Therefore, a motion for reconsideration based on the Fifth Circuit's flawed analysis is unnecessary.

## I.   BACKGROUND

Petitioner is a native and citizen of Guatemala who has resided in the United States since 2004. (Doc. 1, ¶ 3). She is being detained at the Orange County Jail without any pending or current criminal charges and is not serving a criminal sentence. (*Id.* ¶ 7). The Petitioner is being held on a detainer pursuant to 8 C.F.R. § 287.7. (*Id.* ¶ 8).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 65 authorizes this Court to issue a TRO without notice to the adverse party when (a) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury . . . will result to the movant before the adverse party can be heard in opposition," and (b) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." If the movant establishes that he is justified in seeking *ex parte* relief, he then must show that injunctive relief is warranted. To do so, the movant must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the nonmovant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). "The balance-of-the-harms and public-interest elements merge when the government is the party opposing the injunctive relief." *Melendez v. Sec'y, Fla. Dep't of Corr.*, No.

21-13455, 2022 WL 1124753, at *17 (11th Cir. Apr. 15, 2022) (citing *Swain v. Junior*, 961 F.3d 1276, 1293 (11th Cir. 2020)).

## III.  LEGAL ANALYSIS

### A.  Likelihood of Success on the Merits

This Court and others have held that aliens, like Petitioner, who are present in the United States are not subject to mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2). *See, e.g., Guaiquire v. Quinones, Jr., et al.*, 6:26-cv-169-RBD-RMS (providing an exhaustive analysis of 8 U.S.C. §§ 1225 and 1226); *Reyes v. Rose*, No. CV 25-7138, 2026 WL 75816, at *1 n.1 (E.D. Pa. Jan. 9, 2026) (concluding the petitioner was detained under 8 U.S.C. § 1226(a) and entitled to habeas relief by the way of a bond hearing and noting that "[a]s of January 5, 2026, '308 judges have ruled against the [Government's] mass detention policy—ordering release or bond hearings in more than 1,600 cases—[while] just 14 judges . . . have sided with the [Government's] position.'"). This Court and others have held that such individuals are subject to detention under 8 U.S.C. § 1226(a), and thus, entitled to a bond hearing.

The likelihood of Petitioner's success on the merits is largely contingent on whether she is detained under 8 U.S.C. § 1226(a). From Petitioner's allegations, she appears to be entitled to a bond hearing. Consequently, her detention appears unlawful and warrants a bond hearing, and she has demonstrated a likelihood of success on the merits. Simply put, the Petitioner cannot be held on an ICE detainer as the sole basis for detention. The Court has made this abundantly clear, and it is

3

stunning that ICE appears to disregard the Court's pronouncements on this matter.

### B.    Irreparable Harm

Next, Petitioner must demonstrate that without an injunction, she will suffer irreparable injury, which is an injury that "cannot be undone through monetary remedies." *Scott v. Roberts*, 612 F.3d 1279, 1295 (11th Cir. 2010) (quoting *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987)). "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Mejia v. Noem*, No. 2:25-CV-981-SPC-NPM, 2025 WL 3078656, at *3 (M.D. Fla. Nov. 4, 2025) (quoting *Gayle v. Meade*, 614 F. Supp. 3d 1175, 1205 (S.D. Fla. 2020)); *but see Siegel v. LePore*, 234 F.3d 1163, 1177 (11th Cir. 2000) ("Plaintiffs also contend that a violation of constitutional rights always constitutes irreparable harm. Our case law has not gone that far, however.").

Allowing Petitioner, who appears to be unlawfully detained, to be transferred from the Orange County Jail to an ICE holding facility outside this Court's jurisdiction would frustrate the speedy resolution of this case and potentially impact the Court's jurisdiction. If this occurred, Petitioner would likely be unlawfully detained without due process for even longer. Petitioner, therefore, has shown that irreparable harm will occur if relief is not granted. Thus, the Court concludes that prohibiting Petitioner's transfer from the Orange County Jail, unless she is being released from custody, is the equitable and expedient manner by which to limit and address Petitioner's ongoing detention.

### C. Balance of Equities and Public Interest

The final factors for injunctive relief also weigh in Petitioner's favor. Petitioner's rights to due process and liberty are at issue. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Fifth Amendment's Due Process Clause] protects." *Mejia*, 2025 WL 3078656, at *3 (quoting *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)). There is no identifiable legitimate public interest served by Petitioner's likely unlawful detention. Rather, "the public is better served by the faithful execution of immigration laws." *Id.*; *see also Rojano Gonzalez v. Sterling*, No. 1:25-cv-6080-MHC, 2025 WL 3145764, at *8 (N.D. Ga. Nov. 3, 2025) (holding that the balance of equities and public interest weigh in a petitioner's favor where a TRO would merely prevent respondents from applying a statutory scheme in an unlawful manner).

### D. The Writ of Habeas Corpus

The Court has expressed both in oral and written pronouncements that a Petitioner, such as here, may not be detained solely on an ICE detainer. Counsel for the Government in *Rodriguez v. Quinones, Jr. et al.*, 6:26-cv-187-PGB-DCI, conceded that ICE agents arresting an alien without an arrest warrant and detaining that person without judicial intervention (i.e., a bond hearing) violated due process. Accordingly, if the Petitioner's allegations are correct and she is being held solely on an ICE detainer, she must be released immediately. If the

Government has evidence that the Petitioner is being held on criminal charges, they must produce that evidence within 24 hours of this Order.[2]

## IV.    CONCLUSION

In sum, the Court concludes that Petitioner's immigration detention and/or the absence of a bond hearing are unlawful. Petitioner's transfer from the Orange County Jail to an ICE facility would prolong said detention and cause irreparable harm if permitted. Therefore, the Court will grant Petitioner's request for a temporary restraining order. It is unlikely that Respondents will sustain costs or damages because of this Order. Thus, Petitioner does not have to post a security bond. *See* FED. R. CIV. P. 65(c).

To be clear, the Petitioner may not be transferred from the Orange County Jail to an ICE facility, nor may the Petitioner be checked out of the jail and re-booked in an attempt to restart the 48-hour clock. *See* 8 C.F.R. § 287.7(c). The Petitioner may, however, be released from detention.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.    The Emergency Motion for Temporary Restraining Order (Doc. 2) is **GRANTED**.

2.    Respondents Louis A. Quinones, Jr.; Todd Lyons; Secretary Kristi Noem; U.S. Attorney General Pamela Bondi; Garrett Ripa; U.S.

---

[2]    "Noncitizens present in the United States are entitled to due process under the Fifth Amendment." *Mejia*, 2025 WL 3078656, at *2 (citing *Reno v. Flores*, 507 U.S. 292, 306 (1993)). This includes protection against deprivations of liberty, such as immigration detention, without due process of law. *Id.* (citing *Zadvydas*, 533 U.S. at 690 for the proposition that "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects.").

Immigration and Customs Enforcement; the Department of Homeland Security; and all other persons or entities acting in active concert or participation with them, are **TEMPORARILY RESTRAINED AND ENJOINED** from detaining Petitioner under 8 U.S.C. § 1225.

3.  Respondents Louis A. Quinones, Jr.; Todd Lyons; Secretary Kristi Noem; U.S. Attorney General Pamela Bondi; Garrett Ripa; U.S. Immigration and Customs Enforcement; the Department of Homeland Security; and all other persons or entities acting in active concert or participation with them, are **TEMPORARILY RESTRAINED AND ENJOINED** from detaining Petitioner under 8 U.S.C. § 1226(a) unless she is provided with a bond hearing before an immigration judge within five days of her detention.

4.  No security bond is required for this injunction as the Court deems it unnecessary.

5.  If Petitioner is being detained pursuant to 8 U.S.C. § 1225 or an ICE detainer, Respondents Louis A. Quinones, Jr.; Todd Lyons; Secretary Kristi Noem; U.S. Attorney General Pamela Bondi; Garrett Ripa; U.S. Immigration and Customs Enforcement; the Department of Homeland Security; and all other persons or entities acting in active concert or participation with them, are **ORDERED** to immediately release the Petitioner.

6. If the Government has evidence establishing that the Petitioner is currently being detained on criminal charges, it must produce that evidence within 24 hours of this Order. Failure to timely provide such evidence to the Court will result in the Petition being granted without further notice.

7. The Clerk of Court is **DIRECTED** to serve copies of this Order, the Petition (Doc. 1), and the Motion for Temporary Restraining Order (Doc. 2), as follows:

   (a) Immigration and Customs Enforcement (Attn: Assistant Field Office Directors) via email at OPLAORLFEDLIT@ice.dhs.gov;

   (b) United States Attorney's Office via email at USAFLM.Orlando2241@usdoj.gov;

   (c) Orange County Jail / Warden's Office at irmpickupdesk@ocfl.net; so-as-legalservices@ocsofl.com; OCCDRecords@ocfl.net; and Juanita.Beason@ocfl.net.

   (d) United States Marshal Service via email at usms-mfl-orl@usdoj.gov;

   (e) Via certified mail to the United States Attorney's Office at 400 W. Washington Street, Suite 3100, Orlando, FL 32801; and

(f)   Via certified mail to the United States Attorney General at 950 Pennsylvania Ave., NW Washington, DC 20530.

**DONE AND ORDERED** in Orlando, Florida on March 5, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties