# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**AURA MARINA CORLETO ORANTES,**

     **Petitioner,**

v.                                                     Case No.:  6:26-cv-507-PGB-RMN

**LOUIS A. QUINONES, JR.,
TODD LYONS, SECRETARY
KRISTI NOEM, U.S. ATTORNEY
GENERAL PAMELA BONDI,
GARRETT RIPA, U.S.
IMMIGRATION AND CUSTOMS
ENFORCEMENT, DEPARTMENT
OF HOMELAND SECURITY,**

     **Respondents.**

_____/

## ORDER

This cause is before the Court for consideration without oral argument on Petitioner Aura Marina Corleto Orantes' ("**Petitioner**") Emergency Petition for Writ of Habeas Corpus. (Doc. 1 (the "**Petition**")).

On March 5, 2026, the Court entered an Order granting Petitioner's Emergency Motion for Temporary Restraining Order. (Doc. 4 (the "**TRO**")). Therein, the Court temporarily enjoined Respondents Louis A. Quinones, Jr.; Todd Lyons; Secretary Kristi Noem; U.S. Attorney General Pamela Bondi; Garrett Ripa; U.S. Immigration and Customs Enforcement ("**ICE**"); and the Department of Homeland Security (collectively, the "**Respondents**"); as well as all other persons or entities acting in active concert or participation with them from detaining

Petitioner under 8 U.S.C. § 1225. (*Id.* at pp. 6–7). The Court also temporarily enjoined Respondents and all other persons or entities acting in active concert or participation with them from detaining Petitioner under 8 U.S.C. § 1226(a) unless she is provided with a bond hearing before an immigration judge within five days of her detention. (*Id.* at p. 7). If Petitioner was being detained pursuant to 8 U.S.C. § 1225 or an ICE detainer, the Court ordered Respondents and all other persons or entities acting in active concert or participation with them to immediately release Petitioner. (*Id.*). Finally, the Court ordered that, "[i]f the Government has evidence establishing that the Petitioner is currently being detained on criminal charges, it must produce that evidence within 24 hours of this Order." (*Id.* at p. 8). The Court cautioned that "[f]ailure to timely provide such evidence to the Court will result in the Petition being granted without further notice." (*Id.*).

Respondents failed to provide the Court with evidence that Petitioner is being detained on criminal charges and the time to do so has now passed. (*See id.*). Moreover, on March 9, 2026, counsel for Respondents filed a Notice of Compliance with the TRO (Doc. 6 (the "**Notice**")). In the Notice, Respondents confirmed that Petitioner had been detained pursuant to 8 U.S.C. § 1225 or an ICE detainer, and that they had "complied with the [TRO] and processed Petitioner out of custody." (*Id.* at p. 1).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Emergency Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is **GRANTED**.

2. Respondents Louis A. Quinones, Jr.; Todd Lyons; Secretary Kristi Noem; U.S. Attorney General Pamela Bondi; Garrett Ripa; U.S. Immigration and Customs Enforcement; the Department of Homeland Security; and all other persons or entities acting in active concert or participation with them, are **PERMANENTLY RESTRAINED AND ENJOINED** from detaining Petitioner under 8 U.S.C. § 1225.

3. Respondents Louis A. Quinones, Jr.; Todd Lyons; Secretary Kristi Noem; U.S. Attorney General Pamela Bondi; Garrett Ripa; U.S. Immigration and Customs Enforcement; the Department of Homeland Security; and all other persons or entities acting in active concert or participation with them, are **TEMPORARILY RESTRAINED AND ENJOINED** from detaining Petitioner under 8 U.S.C. § 1226(a) until at least seven days from the date of this Order. Should Respondents elect to later detain Petitioner under 8 U.S.C. § 1226, Respondents are **DIRECTED** to release her within 72 hours of her detention unless she is provided with a bond hearing before an immigration judge during that 72-hour period. If Petitioner is redetained and released, Respondents must facilitate her transportation from the detention facility by notifying her counsel of the time and place where she may be collected.

4. No security bond is required for this injunction as the Court deems it unnecessary.

5. The Clerk is **DIRECTED** to enter judgment in favor of Petitioner and against Respondents and then to close the file.

6. The Court **RETAINS** jurisdiction to enforce the terms of this Order. If Petitioner is later detained and deprived of a timely hearing but not released as ordered herein, she may move to reopen this case without opening a new file. The Court also retains jurisdiction to consider the matter of fees and costs.

7. The Clerk is **DIRECTED** to serve copies of this Order as follows:

    (a) Immigration and Customs Enforcement (Attn: Assistant Field Office Directors) via email at OPLAORLFEDLIT@ice.dhs.gov;

    (b) United States Attorney's Office via email at USAFLM.Orlando2241@usdoj.gov;

    (c) Orange County Jail / Warden's Office at irmpickupdesk@ocfl.net;
    so-as-legalservices@ocsofl.com;
    OCCDRecords@ocfl.net; and Juanita.Beason@ocfl.net.

    (d) United States Marshal Service via email at usms-mfl-orl@usdoj.gov;

  (e) Via certified mail to the United States Attorney's Office at 400 W. Washington Street, Suite 3100, Orlando, FL 32801; and

  (f) Via certified mail to the United States Attorney General at 950 Pennsylvania Ave., NW Washington, DC 20530.

**DONE AND ORDERED** in Orlando, Florida on March 10, 2026.

*[signature]*

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties